*Twenty-first Judicial District.*

In the Court of Common Pleas of Schuylkill County.

(*In Equity.*)

## STINE & BRO. v. ATKINS.

The issuing of a preliminary injunction upon a bill filed and sworn to, but without any injunction affidavit or affidavits to support it, is a practice which ought not to be countenanced. Kincaid's appeal, 16 P. F. S. 411.

Opinion by

PERSHING, P. J. The plaintiffs' bill sets forth that they are the owners of a lot of ground, on which is erected a steam and water-power flouring and grist mill, situate on the westerly side of and adjoining the Schuylkill river, in the borough of Pottsville ; that their mill derives its supply of water from said river, the water being again discharged into the river below the mill ; that the Schuylkill river is a public highway ; that the mill of the plaintiffs is an ancient mill, and that they have had and used the water from said river to supply the power to run said mill, and have also had the uninterrupted flow of water from and below said mill from time immemorial, without hindrance from any obstructions in said river.

The bill further sets forth that the defendant is the owner of three anthracite furnaces for the smelting of ores and making of iron, situate on the easterly side of the Schuylkill river, below and near the mill of the plaintiffs ; that the defendant has been and now is depositing and threatens to continue to deposit and place in said Schuylkill river, and in and along the banks of said river below and near said mill, large quantities of cinder, ashes and other *debris* from said furnaces, thereby obstructing the channel of said river and causing the water to flow in and upon said plaintiffs' land and mill and the race from said mill, thereby impairing the usefulness and value of said mill and creating a nuisance in said river. The bill is sworn to by Moses S. Stine, one of the plaintiffs, and on filing it a preliminary injunction as prayed for was awarded on security being given by the plaintiffs till hearing, which was fixed for the 17th of December, 1872. At the hearing the affidavit of the defendant was presented, in which he, the defendant, denies that he has heretofore obstructed, is now obstructing or intends to obstruct the channel of the Schuylkill river in the way and manner charged in the plaintiffs bill ; denying that he has

in any manner caused the water of said river to flow in and upon the plaintiffs land and mill and the race from said mill, or that he has in any manner created a nuisance in said river.

The defendant's denial is explicit and goes to the whole extent of the charge contained in the bill. The case thus stands upon the naked affidavits of the respective parties.

The plaintiffs have furnished no injunction affidavits in support of their bill. The preliminary injunction was prematurely awarded and must now be dissolved.

The issuing of a preliminary injunction upon a bill filed and sworn to, but without any injunction affidavit or affidavits to support it, is a practice which ought not to be countenanced. Kincaid's appeal, 16 P. F. S. 411. It is ordered that the preliminary injunction heretofore awarded be dissolved.

*John W. Ryon, Esq,,* for plffs. ; *W. R. Smith, Esq.,* for defendant.

---

*Twenty-first Judicial District.*